Lai v. Holder

BIA
Nelson, I.J.
A088 533 285

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of August, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

SELIX LAI,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-3156
NAC

_____

FOR PETITIONER:      H. Raymond Fasano, Youman, Madeo, & Fasano, LLP, New York, New York.

FOR RESPONDENT:      Stuart Delery, Acting Assistant Attorney General; Frank Fraser, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Selix Lai, a native and citizen of Indonesia, seeks review of a July 25, 2011, decision of the BIA affirming the May 28, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying Lai's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Selix Lai*, No. A088 533 285 (B.I.A. July 25, 2011), *aff'g* No. A088 533 285 (Immig. Ct. N.Y. City May 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the Board's reasoning "closely tracks" the IJ's, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The agency's findings of fact are reviewed under the substantial evidence standard, *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009), and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

2

As the agency found, although the mistreatment Lai attributes to his Chinese ethnicity is deplorable, it does not rise to the level of persecution. Lai correctly points out that when determining whether an applicant has demonstrated persecution, the agency must view events cumulatively, rather than addressing the severity of each event in isolation. *See Manzur v. DHS*, 494 F.3d 281, 290 (2d Cir. 2007). Here, however, both the BIA and the IJ properly reviewed the incidents described in Lai's testimony. Much of Lai's evidence was generalized rather than particular to him. The agency reasonably found that the two incidents on which Lai places the most emphasis – the apparent indifference of a mall security guard to Lai's complaint that he had been robbed, and the hostility of a crowd that gathered after Lai hit a man with his motorcycle – amount to "mere harassment" rather than "persecution." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). The record shows that Lai was never subjected to serious physical or mental harm and, accordingly, he was unable to show that his experiences in Indonesia amounted to past persecution. *See Mei Fun Wong v. Holder*, 663 F.3d 64, 72 (2d Cir. 2011) (emphasizing that "persecution is an extreme concept that does not include every sort of

3

treatment our society regards as offensive" (internal quotation marks and citation omitted)).

Moreover, the agency did not err in determining that Lai failed to establish a pattern or practice of persecution against ethnic Chinese residents in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (finding no error in BIA's determination that no such pattern or practice of persecution exists). We need not decide whether to adopt the "disfavored group" analysis employed by the Ninth Circuit in *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004) because Lai would not prevail even under that rule. In *Sael,* the Ninth Circuit held that, because ethnic Chinese were a historically "disfavored group" in Indonesia, a lower level of individualized risk was required to show a well founded fear of future persecution. *Id.* at 927. Here, Lai did not present the agency with *any* individualized evidence suggesting that he, in particular, would be subject to persecution in Indonesia. The lesser showing required under *Sael* would therefore not change the result in this case.

Because Lai failed to establish his eligibility for asylum, he necessarily was unable to meet the higher standard to establish his eligibility for withholding of

4

removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk